The STATE of Ohio, Appellant,

v.

WILLIAMS, a.k.a. Fitzgerald, Appellee.

[Cite as *State v. Williams* (1997), 120 Ohio App.3d 477.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15918.

Decided May 30, 1997.

*Chantel R. Doakes*, Montgomery County Assistant Prosecuting Attorney, for appellant.

*Vincent Popp*, for appellee.

————————

FAIN, Judge.

Plaintiff-appellant, the state of Ohio, appeals from the dismissal of an indictment charging defendant-appellee Kim E. Williams, a.k.a. Kim Fitzgerald, with two counts of theft. The state contends that the trial court erred when it granted Williams's motion to dismiss based upon her Sixth Amendment right to a speedy trial. We conclude that the trial court correctly weighed the factors set forth in *Doggett v. United States* (1992), 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520. Accordingly, the judgment of the trial court is affirmed.

I

Williams was alleged to have committed acts of welfare theft, including the theft of food stamps and Aid to Dependent Children benefits, during a period between August 1988 and March 10, 1989. Before she was indicted, she was accepted into the Montgomery County Prosecutor's pretrial diversion program. Thereafter, she removed to the state of Florida, and her case was forwarded to the state of Florida for administration. On March 18, 1991, Williams was terminated from the diversion program due to information received from Florida authorities that she had failed to make her appointments and also had failed to make restitution.

On April 4, 1991, Williams was indicted upon two counts of theft. Her indictment showed her address as 1215 N.E. 17th Street, Ft. Lauderdale, Florida, 33305. A warrant was issued on the indictment, but there is nothing in the case file to reflect that anything was ever done to serve the indictment upon the defendant.

In March 1996, the warrant was withdrawn, Williams voluntarily appeared, was admitted to bond on her own recognizance, and subsequently moved to dismiss the indictment upon the ground that her right to a speedy trial under the Sixth Amendment to the United States Constitution had been denied. She filed a memorandum on her behalf, the state filed a memorandum contra, and on April 30, 1996, the trial court sustained her motion, dismissing the charges with prejudice. The trial court did not provide any reasoning in its order dismissing the charges. From the order dismissing the charges against Williams, the state appeals.

## II

The state's sole assignment of error is as follows:

"The trial court erred when it granted Williams' motion to dismiss the indictment."

The state relied principally upon *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, for the proposition that the record reflects nothing more than negligence on the part of the state, and that there is nothing in the record to reflect that Williams was prejudiced by the delay in prosecuting the indictment against her. However, the later case of *Doggett v. United States, supra*, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520, supports Williams's claim. In that case, although the first two and a half years of an eight-and-a-half-year delay in prosecuting an indictment were justified by the defendant's removal from the United States, the remaining six years of that period were the result of the government's negligence in failing to determine that he was living openly under his own name in this country. On these facts, the Supreme Court determined that the government had been negligent. The case before us is a more compelling case for governmental negligence because, unlike in *Doggett*, the state had an address for Williams in Florida, but apparently failed to make any effort to serve her with the indictment.

In *Doggett*, the Supreme Court rejected the government's argument that the defendant was required to show actual prejudice. Besides finding that a delay in excess of one year was sufficient to trigger a speedy trial analysis, the Supreme Court concluded that where the government had been negligent, a delay six times as long as the one-year delay generally sufficient to trigger judicial review is presumptively prejudicial and when that presumption has not been persuasively rebutted, the defendant is entitled to relief. *Id.*, 505 U.S. at 657–659, 112 S.Ct. at 2694, 120 L.Ed.2d at 532–533.

The Supreme Court also noted the difficulty in evaluating prejudice as a result of a lengthy delay:

"*Barker* [*v. Wingo, supra*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101] explicitly recognized that impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony 'can rarely be shown.' [Citation omitted.] And though time can tilt the case against either side, [citation omitted], one cannot generally be sure which of them it has prejudiced more severely. Thus, we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove, or for that matter, identify. While such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria [citation omitted], it is part of the mix of relevant facts, and

its importance increases with the length of delay." *Doggett, supra,* 505 U.S. at 655–656, 112 S.Ct. at 2692–2693, 120 L.Ed.2d at 530–531.

In the case before us, the delay in prosecuting the indictment against Williams was just over five years, rather than the six-year delay found in *Doggett.* We do not find the difference to be material.

We conclude that the five-year delay in prosecuting the indictment against Williams, which appears from the record to be the result of the state's failure to have done anything to prosecute the indictment, is presumptively prejudicial, and there is nothing in this record from which it can be found that that presumption has been persuasively rebutted by the state. Accordingly, we conclude that the trial court correctly granted Williams's motion to dismiss the charges pending against her.

The state's sole assignment of error is overruled.

### III

The state's sole assignment of error having been overruled, we affirm the judgment of the trial court.

*Judgment affirmed.*

FREDERICK N. YOUNG, P.J., and BROGAN, J., concur.